## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **PROFECTUS TECHNOLOGY LLC,** | |
| *Plaintiff*, | |
| v. | Case No. 1:17-cv-9719 |
| **MEURAL, INC.** | |
| *Defendant*. | Jury Trial Demanded |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Profectus Technology LLC, a Texas limited liability company ("Profectus"), by and through its undersigned counsel, Ross IP Group PLLC, brings this action against Meural, Inc. (sometimes referred to herein as "Meural" or "Defendant"), and alleges the following:

## NATURE OF THE ACTION

1.     This is an action under Title 35 of the United States Code for willful infringement of United States Patent No. 6,975,308 based on Defendant Meural's unauthorized and consciously wrongful commercial manufacture, use, importation, offers for sale, and sales of infringing products in the United States of America.

## THE PARTIES

2.      Plaintiff Profectus is a Texas limited liability company with its principal place of business in Huntington Station, New York.

3.      Defendant Meural is a Delaware corporation with its principal place of business located at 625 Broadway, 11th Floor, New York, New York 10012.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the patent laws of the United States of America, Title 35 of the United States Code.

5.      This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), as they are substantial claims arising under the patent laws of the United States.

6.      Upon information and belief, this Court has personal jurisdiction over Defendant because (i) Defendant's principal place of business is in this judicial district; (ii) at least a portion of the alleged infringements occurred in this judicial district, and (iii) Defendant regularly solicits business, engages in other persistent courses of conduct, or derives revenue from goods and services provided to individuals in this judicial district.

7.      Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because Defendant has a regular and established place of business in this judicial

district and has committed, and/or induced others to commit, acts of patent infringement in this judicial district.

## THE PATENT-IN-SUIT

8.      On December 13, 2005, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 6,975,308 ("the '308 Patent"), entitled "Digital Picture Display Frame," after full and fair examination. A true and correct copy of the '308 Patent is attached to this complaint as **Exhibit A** and is incorporated herein for all purposes.

9.      The USPTO issued the '308 Patent to Frank W. Bitetto and James J. Bitetto, the joint inventors of the inventions claimed in the '308 Patent. Frank W. Bitetto and James J. Bitetto are the sole members and owners of Profectus.

10.     On or about September 9, 2011, Frank W. Bitetto and James J. Bitetto validly assigned their entire right, title and interest in and to the '308 Patent to Profectus. The assignment was duly recorded at reel 027246, frame 0136 of the patent assignment records of the USPTO on or about November 17, 2011.

11.     Profectus is therefore the assignee of all rights, title, and interest in and to the '308 Patent and possess all rights of recovery under the '308 Patent, including the right to recover damages for past infringement.

12.     The '308 Patent and all claims of the '308 Patent are presumed valid under 35 U.S.C. § 282.

13.     The claims of the '308 Patent have been construed by a federal district court in connection with previous litigation against other parties. *See* Memorandum Opinion and Order (Doc. 320), *Profectus Technology LLC v. Huawei Technologies Co. Ltd.*, Case No. 6:11-CV-474 (E.D. Tex., April 17, 2014). The United States Court of Appeals for the Federal Circuit affirmed the district court's ruling on appeal. *Profectus Tech. LLC v. Huawei Techs. Co.*, 823 F.3d 1375 (Fed. Cir. 2016).

14.     The claims of the '308 Patent are understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this action.

## DEFENDANT AND THE ACCUSED PRODUCT

15.     Defendant Meural was founded by Vladimir Vukicevic and Jerry Hu in August 2014. Mr. Vukicevic serves as Meural's Chief Executive Officer, and Mr. Hu serves as Meural's Chief Revenue Officer.

16.     At all relevant times, Defendant Meural has maintained a place of business at 625 Broadway, 11th Floor, New York, NY 10012.

17.     Upon information and belief, Defendant Meural has raised a total of more than $9 million in funding from investors since it was founded in August 2014.

18.     Upon information and belief, in November 2017, Defendant Meural raised a $5 million Series A round of funding from investors, including Corigin Ventures, NETGEAR, and others. See https://techcrunch.com/2017/11/16/meural-raises-5-million-and-brings-canvas-to-over-100-stores/ (last visited on November 20, 2017).

19.     Without authorization from Profectus, Defendant Meural makes, uses (including by testing), offers to sell, and sells within the United States, and imports into the United States, a digital picture display frame (the "Meural Digital Frame").



*See* https://meural.com/cart (last visited on November 20, 2017).

20.     Meural has used the following designations to refer to the Meural Digital Frame: "Canvas," "Lenora Black," "Lenora White," and "Winslow." Upon

information and belief, the pertinent design and operational features of each of these designations of the Meural Digital Frame are the same for purposes of the claims asserted in this action.

21.    Defendant Meural is not, now or at any time, licensed under the '308 Patent.

22.    The Meural Digital Frame infringes at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 29, and 30 of the '308 Patent, literally and/or under the doctrine of equivalents.

23.    Further, customers of Defendant Meural who purchase the Meural Digital Frame directly infringe at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 29, and 30 of the '308 Patent, literally and/or under the doctrine of equivalents, by using the Meural Digital Frame pursuant to instructions provided by Defendant Meural.

## DEFENDANT'S WILLFULNESS

24.    Profectus placed Defendant Meural on notice of its infringement of the '308 Patent by a letter dated August 15, 2017, and addressed to Meural's CEO, Vladimir Vukicevic, at Meural's principal place of business, 625 Broadway, 11th Floor, New York, NY 10012 (the "First Notice Letter"). A true and correct copy of the First Notice Letter (with signature redacted and without enclosures) is attached hereto as **Exhibit B** and is incorporated herein for all purposes.

6

25.    A true and correct copy of the proof of delivery of the First Notice Letter to Meural (with signature redacted) is attached hereto as **Exhibit C** and is incorporated herein for all purposes.

26.    Meural never responded to the First Notice Letter. Instead, Meural returned the First Notice Letter to Profectus without comment.

27.    Defendant Meural ignored the First Notice Letter in conscious disregard of Profectus's rights.

28.    Profectus placed Defendant Meural on notice of its infringement of the '308 Patent a second time by a letter dated August 30, 2017, and addressed to Meural's registered agent for service of process, Business Filings Incorporated, 108 West 13th Street, Wilmington, DE 19801 (the "Second Notice Letter"). A true and correct copy of the Second Notice Letter (with signature redacted and without enclosures) is attached hereto as **Exhibit D** and is incorporated herein for all purposes.

29.    A true and correct copy of the proof of delivery of the Second Notice Letter (with signature redacted) to Meural's registered agent is attached hereto as **Exhibit E** and is incorporated herein for all purposes.

30.    Defendant Meural never responded to either the First Notice Letter or the Second Notice Letter.

31.     Defendant Meural ignored the Second Notice Letter in conscious disregard of Profectus's rights.

32.     Defendant Meural has had actual knowledge of the '308 Patent and Profectus's allegations of infringement since at least as early as August 16, 2017, when the First Notice letter was delivered to Meural.

33.     Alternatively, Defendant Meural has had actual knowledge of the '308 Patent and Profectus's allegations of infringement since at least as early as August 31, 2017, when the Second Notice Letter was delivered to Meural's registered agent for service of process.

34.     Despite its actual knowledge of the '308 Patent and Profectus's allegations of infringement, Defendant Meural has continued to make, use (including by testing), offer to sell, and sell within the United States, and import into the United States, the Meural Digital Frame.

35.     Since at least as early as August 16, 2017, or alternatively, since at least as early as August 31, 2017, Defendant Meural's infringement of the '308 Patent has been willful and in conscious disregard of Plaintiff Profectus's rights.

36.     For the reasons set out herein, Defendant Meural's conduct in infringing the '308 Patent has been willful, wanton, malicious, in bad faith, deliberate, consciously wrongful, flagrant, and characteristic of a pirate.

37.    Upon information and belief, Defendant Meural has not obtained a written opinion of counsel indicating that the Meural Digital Frame somehow does not infringe claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 29, and 30 of the '308 Patent.

38.    Upon information and belief, Defendant Meural has no reasonable, good faith basis for any alleged belief that the Meural Digital Frame somehow does not infringe claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 29, and 30 of the '308 Patent.

39.    Upon information and belief, Defendant Meural has not obtained a written opinion of counsel indicating that claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 29, and 30 of the '308 Patent are somehow invalid or unenforceable.

40.    Upon information and belief, Defendant Meural has no reasonable, good faith basis for any alleged belief that claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 29, and 30 of the '308 Patent are somehow invalid or unenforceable.

41.    Upon information and belief, Defendant Meural had actual knowledge of the '308 Patent and Profectus's allegations of infringement before it finalized its $5 million Series A round of funding in November 2017.

## COUNT I
## DIRECT PATENT INFRINGEMENT

42.    Profectus incorporates by reference the paragraphs 1-41 above as if fully set forth herein.

43.     Without license or authorization and in clear violation of 35 U.S.C. § 271(a), Defendant Meural infringes one or more claims of the '308 Patent in this judicial district and throughout the United States, literally and/or under the doctrine of equivalents.

44.     Defendant Meural directly infringes at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 29, and 30 of the '308 Patent in violation of 35 U.S.C. § 271(a) by, among other things, making, using (including by testing), offering for sale, and selling within the United States, and importing into the United States, the Meural Digital Frame.

45.     Claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 29, and 30 of the '308 Patent are understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

46.     Defendant Meural's direct infringement of the '308 Patent is further demonstrated by the claim charts attached hereto as **Exhibit F**, which are incorporated herein for all purposes.

47.     A person of ordinary skill in the art would easily understand Plaintiff Profectus's theories of how the Meural Digital Frame infringes claim 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 29, and 30 of the '308 Patent upon a plain reading of this complaint, including **Exhibit F** hereto, the '308 Patent, and the prosecution history of the '308 Patent.

48.     Plaintiff Profectus reserves the right to modify its infringement theories as discovery progresses in this case, and it shall not be estopped for infringement contention or claim construction purposes by the claim charts it is providing with this complaint. The claim charts are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. The claim charts do not represent Plaintiff Profectus's preliminary or final infringement contentions or preliminary or final claim construction positions.

49.     Since at least as early as August 16, 2017, or alternatively, at least as early as August 31, 2017, Defendant Meural has known that its Meural Digital Frame infringes one or more claims of the '308 Patent.

50.     Defendant Meural's acts of infringement have been, and continue to be, willful, deliberate, and in conscious disregard of Plaintiff's rights, as shown, at least in part, by Defendant Meural's refusal to respond to Plaintiff's First Notice Letter and Plaintiff's Second Notice Letter, and by Defendant Meural's refusal to discontinue infringing the '308 Patent despite actual knowledge that the Meural Digital Frame infringes one or more claims of the '308 Patent.

51.     Plaintiff Profectus has suffered damages as a result of Defendant Meural's acts of infringement of the '308 Patent, and Profectus will continue to be damaged by such infringement unless enjoined by this Court.

## COUNT II
## INDIRECT INFRINGEMENT

52.     Profectus incorporates by reference the paragraphs 1-51 above as if fully set forth herein.

53.     In addition to and/or in the alternative to direct infringement, upon information and belief, Defendant Meural's customers directly infringe the '308 Patent by using the Meural Digital Frame in the United States, and Meural indirectly infringes by actively inducing its customers' infringement.

54.     Defendant encourages and intends for its customers to use the Meural Digital Frame a manner that infringes the '308 Patent. For example, through its public website, http://support.meural.com/help_center (last visited on November 20, 2017), Meural advises, encourages, and instructs its customers to use the Meural Digital Frame in a manner that infringes one or more claims of the '308 Patent.

55.     Furthermore, Defendant knew its actions would induce infringement of one or more claims of the '308 Patent by its customers. Since at least as early as August 16, 2017, or alternatively, at least as early as August 31, 2017, Defendant Meural has known that its Meural Digital Frame infringes one or more claims of the '308 Patent.

56.     Despite its actual knowledge of the '308 Patent and Profectus's allegations of infringement, Defendant Meural has continued to advise, encourage,

and instruct its customers to use the Meural Digital Frame in a manner that infringes one or more claims of the '308 Patent.

57.    Use of the Meural Digital Frame by Defendant's customers directly infringes at least claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 29, and 30 of the '308 Patent, literally or under the doctrine of equivalents.

58.    Defendant is thus liable for actively inducing its customers' infringement of the '308 Patent under 35 U.S.C. § 271(b).

59.    Defendant Meural's acts of actively inducing infringement have been, and continue to be, willful, deliberate, and in conscious disregard of Plaintiff's rights, as shown, at least in part, by Defendant Meural's refusal to respond to Plaintiff's First Notice Letter and Plaintiff's Second Notice Letter, and by Defendant Meural's refusal to discontinue infringing the '308 Patent despite actual knowledge that the Meural Digital Frame infringes one or more claims of the '308 Patent.

60.    Plaintiff Profectus has suffered damages as a result of Defendant Meural's acts of active inducement of infringement of the '308 Patent, and Profectus will continue to be damaged by such infringement unless enjoined by this Court.


## PRAYER

WHEREFORE, Plaintiff Profectus requests entry of Judgment against Defendant Meural:

a.      Adjudging that Defendant has infringed the '308 Patent in violation of 35 U.S.C. §§ 271(a) and/or 271(b);

b.      Permanently enjoining Defendant and all those in active concert and participation with Defendant from further infringement of the '308 Patent;

c.      Finding that Defendant's infringement of the '308 Patent has been willful;

d.      Ordering an accounting of all infringing acts, including, but not limited to, those acts not presented at trial;

e.      Awarding Plaintiff damages under 35 U.S.C. § 284 adequate to compensate Plaintiff for the infringement, including, but not limited to, pre-judgment and post-judgment interest and costs;

f.      Ordering that the damages award be increased up to three times the actual amount pursuant to 35 U.S.C. § 284 in view of Defendant's willful infringement;

g.      Finding that this is an exceptional case and awarding Profectus its costs and reasonable attorney fees incurred in this action pursuant to 35 U.S.C. § 285; and

h.      Awarding such other and further relief, both at law and in equity, that the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Profectus hereby demands a trial by jury on all claims and issues so triable under Rule 38 of the Federal Rules of Civil Procedure.

Dated: December 11, 2017.      Respectfully submitted,

/s/ Steven E. Ross
Steven E. Ross
(Admission *Pro Hac Vice* pending)
**ROSS IP GROUP PLLC**
5050 Quorum Drive, Suite 700
Dallas, Texas 75254
Telephone: 972-661-9400
Facsimile: 972-661-9401
Email: sross@rossipg.com

**ATTORNEYS FOR PLAINTIFF
PROFECTUS TECHNOLOGY LLC**